UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00025-MR

| | |
|---|---|
| MICHAEL ALEXANDER PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MOUNTAIN VIEW CORRECTIONAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.   BACKGROUND

Pro se Plaintiff Michael Alexander Porter ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Defendant Mountain View Correctional Institution ("Mountain View") in Spruce Pine, North Carolina. He filed this action on February 10, 2022 against Defendant pursuant to 42 U.S.C. § 1983, claiming that his medical needs are not being properly addressed at Mountain View. [Doc. 1]. Plaintiff names Mountain View as the sole Defendant in this matter. [Id. at 1]. Plaintiff alleges that he had a colonoscopy on December 23, 2021 and did not learn that he has "Chromes

Disease [*sic*]"[1] until February 1, 2022 when he was seen by a doctor. [Id. at 2, 3]. Plaintiff claims that Defendant "has refused to apply treatment." [Id. at 3]. Plaintiff, however, makes no allegations against any individual healthcare provider at Mountain View.

For injuries, Plaintiff states that he "constantly lose[s] blood" with each "bio-movement." [Id. at 3].

For relief, Plaintiff seeks medical treatment for his condition. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

---

[1] The Court assumes for the purpose of initial review that Plaintiff is referring to Crohn's disease, an inflammatory bowel disease.

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that there was a delay in his learning of his diagnosis of Crohn's disease and that Defendant Mountain View, at least for a brief period, has not treated him.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the

inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff has failed to state a claim for relief. Plaintiff makes no allegations of personal participation by any individual healthcare provider(s). A correctional institution is not a "person" subject to suit under § 1983. Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Thus, the Court will dismiss Mountain View as a Defendant in this matter. Moreover, even if Mountain View were subject to § 1983

liability, Plaintiff has not stated a claim for relief under the Eighth Amendment in any event. Plaintiff alleges that there was a delay in his learning of his Crohn's disease diagnosis and that, for a relatively brief period, he has not been treated for his medical condition. A delay in medical treatment, without more, is not deliberate indifference to a serious medical need. See Wynn v. Mundo, 367 F.Supp.2d 832 (M.D.N.C. Feb. 7, 2005). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this

5

Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** that Defendant Mountain View Correctional is **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge